**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18–cr-30133-SMY** |
| | ) | |
| | ) | |
| **ERIC NUNLEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

**YANDLE, District Judge:**

Pursuant to the Supreme Court's decision in *Borden v. United States,* ___ U.S. ___, 141 S. Ct. 1817 (June 10, 2021), Defendant Eric Nunley moves to limit an applicable predicate offense used to enhance his sentence pursuant to the Armed Career Criminal Act ("ACCA") (Doc. 40). Requests for relief under *Borden* should be presented as a motion to vacate, correct, or set aside a sentence under 28 U.S.C. § 2255 and opened as a new civil proceeding.  Accordingly, if Defendant wishes to file a § 2255 motion concerning *Borden's* application to his sentencing, he should file a separate § 2255 motion.  The instant motion is **DENIED** without prejudice to Defendant filing a §2255 motion.   The Clerk of Court is **DIRECTED** to send a § 2255 form motion to Defendant to assist him in that process.[1]

**IT IS SO ORDERED.**

**DATED: June 27, 2022**

**STACI M. YANDLE**
**United States District Judge**

---

[1] The one-year period prescribed by 28 U.S.C. 2255(f)(3) for filing a §2255 motion runs from the date of the Supreme Court's ruling that initially recognized the right asserted, not from the date the newly recognized right was found to be retroactive. *Dodd v. United States,* 545 U.S. 353, 357 (2005). If Defendant has already filed a § 2255 petition as it concerns this case, he cannot file a second or successive § 2255 petition without first obtaining authorization from the United States Court of Appeals for the Seventh Circuit. *See* 28 U.S.C. § 2255(h).